Marcial Rivera, demandante y apelado, *v.* Romualdo Zavala, demandado y apelante. Camilo Rivera, demandante y apelado, *v.* Romualdo Zavala, demandado y apelante.

Nos. 5026, 5137 y 5027, 5136.—*Sometidos:* Mayo 21, 1931. *Resueltos:* Febrero 12, 1932.

*Tous Soto & Zapater,* abogados del apelante; *R. Arjona,* abogado de los apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Contra el apelante Romualdo J. Zavala se siguieron dos pleitos en la Corte de Distrito de Ponce en los que interpuso apelación contra las resoluciones que le negaron la concesión de un nuevo juicio y contra las sentencias condenatorias. Fueron resueltos en el tribunal inferior mediante una sola opinión aunque dictándose sentencias separadas en cada uno de ellos y lo mismo haremos nosotros, pues las cuatro

apelaciones fueron oídas conjuntamente mediante un alegato común para todas.

Una persona que entró en la botica del apelante Romualdo J. Zavala le hurtó un reloj de oro con leontina de igual metal mientras el boticario buscaba un preparado medicinal que aquélla le pidió en compra. Esa persona fué acusada y condenada por dicho hurto pero las prendas sustraídas no fueron recuperadas y por esto fué publicada en el periódico ''El Día'' de Ponce una carta dirigida a Mr. Mc Manus, jefe de la detective. Tal carta, que no está suscrita por el demandado sino por otra persona, Esteban López, la consideró Marcial Rivera, Guardia de la Policía Insular, injuriosa para él y presentó demanda contra Zavala alegando que Esteban López la escribió y publicó actuando como agente del demandado y solicitó ser indemnizado en la cantidad de $5,000. También en la demanda se alegó como segunda causa de acción que el demandado dijo en cierta ocasión y ante varias personas palabras que el demandante estima calumniosas para él y solicitó ser indemnizado por ellas en cantidad de $3,000.

Camilo Rivera, comerciante de Peñuelas y hermano de Marcial Rivera, estimando que la publicación de la carta en el periódico y las palabras a que se refiere la demanda de Marcial son también injuriosas y calumniosas para él demandó a Zavala alegando las mismas dos causas de acción y solicitó como indemnización iguales cantidades que el otro demandante.

Las dos demandas fueron enmendadas en el juicio, con la oposición del demandado, después de haber presentado los actores todas sus pruebas. El demandado solicitó del tribunal que dictase sentencia declarando sin lugar ambas demandas por no ser suficiente la prueba presentada para dictar las sentencias condenatorias interesadas. El tribunal inferior negó esa solicitud y habiendo rehusado el demandado presentar prueba fueron dictadas sentencias condenando al demandado a pagar a Marcial Rivera como indemnización la

cantidad de $1,200 y a Camilo Rivera por igual concepto la de $500.

Casi todos los motivos de error alegados por el apelante para que revoquemos esas sentencias se refieren a la causa de acción por libelo, pues dedica pocos párrafos a la acción por calumnia, pero por el estudio que hemos hecho de los autos y por la conclusión a que llegamos nos bastará considerar el motivo que se refiere a la insuficiencia de la prueba de los demandantes.

Como hemos dicho antes y conviene recordar ahora, la carta publicada en el periódico "El Día" que los demandantes estiman libelosa para ellos no está suscrita por el demandado Zavala sino por Esteban López, que fué el único testigo presentado en el juicio por los demandantes para relacionar al demandado con la publicación de la carta. Ese testigo, que no fué contradicho, dijo en el juicio que era entonces reportero del periódico "El Día" y que él redactó la carta con informes que tomó del rumor público y con otros que le suministró Zavala a quien fué a interrogar y que después que escribió la carta la entregó en el periódico para su publicación y no la sometió a la aprobación de Zavala. Respecto de ese testigo dijo el tribunal en la opinión que escribió para fundar sus sentencias lo siguiente:

"Para el demandado no podía pasar desapercibido, a menos que fuera ciego, y no se ha probado que lo fuera, la calaña del 'agente de abogados' y 'periodista' Esteban López, tipo rastrero por su figura, por su manera de mirar y por su manera de expresarse, un verdadero tipo despreciable, según pudo apreciar la corte al tenerlo ante sí, y así desea hacerlo constar expresamente en esta opinión. Incomprensible, realmente, que un periódico serio publique nada que pudiera ser escrito y llevado a sus columnas por un hombre como ése. Pero se publicó."

Y en otra parte de ella dice así:

"Aparte de que la profesión de repórter de Esteban López no ha sido probada, sino por su propia declaración, y ya la corte ha expresado su opinión sobre dicho Esteban López. . . ."

Entendemos que la declaración de Esteban López no es suficiente para estimar que el apelante es responsable de las manifestaciones que contiene la carta que aquél redactó y publicó con su nombre en el periódico "El Día", pues no habiendo creído el tribunal inferior que dicho testigo fuera un reportero del expresado periódico y que después de escrita por él la carta no la sometió a la aprobación del apelante, sin que hubiera prueba en contrario en que puedan apoyarse esas conclusiones del tribunal sentenciador, éste debió poner en duda el resto de su declaración y mirarla con desconfianza como dispone el artículo 162 de la Ley de Evidencia en sus párrafos tercero y cuarto y no basar una condena en ese solo testimonio, con mayor motivo dado el ruin concepto que al tribunal inferior mereció tal testigo. ¿Cómo pueden razonablemente fundarse las sentencias condenatorias en la sola declaración de un testigo tan despreciable, según el juicio que de él formó el tribunal inferior? Si es un hombre de las condiciones que dijo el tribunal inferior no debió darle crédito alguno. La declaración hecha por el tribunal *a quo* de haber cometido libelo el apelante no puede ser sostenida.

Con respecto a la causa de acción alegada por calumnia, el tribunal inferior declaró que los demandantes probaron satisfactoriamente con la declaración de tres testigos, no contradichos, que mientras el demandado viajaba en una "guagua", al preguntarle una persona si había recuperado su reloj manifestó "que dicha prenda no aparecería porque en ese asunto estaban envueltos Marcial Rivera y su hermano Camilo Rivera, y mientras no se apretara al demandante Marcial no se averiguaría nada."

El apelante no ataca esa conclusión de la corte pero dice que tales palabras no son constitutivas de calumnia.

La ley de 19 de febrero de 1902 autorizando pleitos civiles por daños y perjuicios ocasionados por libelo y calumnia dice en su sección tercera que se entiende por calumnia la publicación falsa o ilegal, que no sea un libelo, y que impute

a una persona la comisión de un hecho constitutivo de delito, o tienda directamente a perjudicarla con relación a su cargo, profesión, comercio o negocios, o que como consecuencia natural, le cause daños reales y efectivos.

Las palabras pronunciadas por el apelante no imputan a los apelados la comisión de un hecho constitutivo de delito ni son de tal naturaleza que tiendan directamente a perjudicar a los apelados en relación con sus cargos, profesión, comercio o negocios o que como consecuencia de ellas les haya causado daños reales y efectivos. No se presentó prueba alguna de daños.

*Las sentencias apeladas deben ser revocadas.*